UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20560-HOEVELER

FOLKSAMERICA REINSURANCE CO.
n/k/a WHITE MOUTAINS REINSURANCE
COMPANY OF AMERICA, a New York corporation,

    Plaintiff,

v.

CONSTRUCTORA DEL LITORAL, S.A. an
Ecuadorian corporation, and JOSE
CARVAJAL HUERTA, an individual,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is the defendants' motion to dismiss for insufficiency of plaintiff's service of process. The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion to dismiss is DENIED. The plaintiff is given 60 days to perfect service of process.

I.

This is a breach of contract case for the defendants' alleged failure to indemnify Folksamerica for sums paid in connection with reinsuring surety bonds issued for a construction project in Ecuador. The lawsuit was brought in the Eleventh Judicial Circuit Court for Miami-Dade County. The plaintiff initially attempted to serve both the corporate defendant, Constructora Del Litoral, S.A. (known as "COLISA"), and the individual defendant, Mr. Carvajal, at

an address in Coral Gables but the service was unsuccessful. The plaintiff then amended the complaint to include allegations necessary to effect service under the Inter-American Convention on Letters Rogatory and Additional Protocol.

On May 25, 2009, the state court granted Folksamerica's motion to effect service pursuant to the Inter-American Convention. Folksamerica transmitted a letter rogatory, in the form required by the Convention, to the United States Central Authority. Accordingly, the pleadings, summonses, and other documents were sent to the Ecuadorian Central Authority, which transmitted them to an Ecuadorian Court. In turn, the court directed them to be served upon COLISA and Mr. Carvajal by a process server at the addresses provided by the plaintiff. Once this process was completed, the Ecuadorian Central Authority notified the plaintiff, via the United States Central Authority, that the defendant had been served. The defendants removed the case on February 23, 2010, based on diversity jurisdiction, and then filed this motion to dismiss for insufficiency of service on March 18, 2010. The plaintiff responded on April 19, 2010 and the defendants file an untimely reply on May 16, 2010, which the Court accepts.[1]

---

[1] The defendants filed motion for leave to file a late reply, in which counsel for the defendants represented that the plaintiff did not consent to the late filing, necessitating the contested motion. However, the plaintiff never filed any opposition to the motion into the record. Thus, the Court deems the motion to file a late reply unopposed, and the request is granted.

2

II.

The plaintiff contends that notification from the Ecuadorian Central Authority creates presumption that the defendants were served. So far as it appears, however, the Central Authority's notifications confirm only that the general processes and transnational protocols of the Intra-American Convention were followed. Nowhere does the Central Authority or any other official purport to vouch for the fact that the Ecuadorian defendants reside, or have a place of business, at the locations they were served; or that the defendants received notice of the lawsuit. Under Article 10 of the Inter-American Convention, "Letters Rogatory shall be executed in accordance with the laws and procedural rules of the State of Destination." The affidavits, returns of service, and other evidence presented by the defendants suggest that service was not adequate under Ecuadorian law, because the defendants were not served in a manner or location that meets the requirements of Articles 77 and 93 of Ecuador's Code of Civil Procedure.[2] Although there are fact disputes concerning COLISA's business address, the Court resolves these disputes in favor of the defendant based on (among other things) the affidavits Hector Emilio Cueva Abarca, general manager of COLISA, concerning the

---

[2] Relevant portions of the Code are attached to the motion to dismiss with a certified English translation, along with an informative legal opinion from an Ecuadoran attorney elucidating the Foreign rules for serving individuals and corporations.

company's registered address, and stating the company did "not receive[] a Subpoena regarding or related to a lawsuit or proceeding filed by Folks America Reinsurance Co." Further, the plaintiff concedes that Mr. Carvajal was not served at his home address and does not counter Mr. Carvajal's assertion that the procedures for perfecting substitute service at a different address were not observed.

In addition to arguing that service was improper under Ecuadorian law, the defendants draw attention to two other deficiencies in the service of process: (1) a "Certificate of Execution" was not executed by the Central Authority in Ecuador, as required by the Convention, and (2) the pleadings that were served on the defendants at the Ecuadorian addresses did not include two key exhibits, which are referenced in the complaint and form the basis of the lawsuit, as required by the Convention and general principals of due process.[3] The plaintiff does not dispute these deficiencies, but draws attention to some precedent for overlooking them. Nevertheless, although any one of the alleged defects in service, standing alone, might not have been fatal (particularly now that the defendants and their attorneys have received notice of

---

[3] Although the defendants claim they did not receive the complaints served pursuant to the letter rogatory (and therefore wouldn't know if the exhibits were missing), they suggest the two exhibits were missing because they were missing from pleadings Mr. Carvajal subsequently received from Federal Express on February 3, 2010. These pleadings were attached to the defendants' notice of removal.

the lawsuit), taken together the multiple deficiencies compel the Court to conclude that service in this case was not effective.[4] Thus, even if the plaintiff made a *prima facie* case, the Court is satisfied the defendants have met their burden to overcome this presumption.

Folksamerica urges that, if the Court concludes that service of process is insufficient, to allow a reasonable time for Folksamerica to correct the errors. This request is granted. Accordingly, the plaintiff is given 60 days to perfect service and file proof of same with the Court. Should the plaintiff require additional time, the Court will consider this request upon a proper motion.

DONE AND ORDERED in Miami, Florida, June 18, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies Furnished: Counsel of Record

---

[4] The Court is not persuaded by the argument that the defendants were served in accordance with Article 84 of Ecuador's Code of Civil Procedure.

5